## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOHN DUKES,

      Petitioner,

-vs-                                    Case No.  8:11-CV-2281-T-36AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. Section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondent to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondent filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the Rules Governing Section 2254 Cases in the United States District Courts (Doc. No. 6).  Although afforded the opportunity, Petitioner did not file a reply to the response (see Doc. No. 4 at pp. 4-5).

Petitioner alleges one claim for relief in his habeas petition: trial counsel was ineffective for requesting a jury instruction on the lesser included offense of robbery with a weapon.

## I. PROCEDURAL HISTORY

The State charged Petitioner by information with two counts of robbery with a deadly weapon.  Ex. 1.[1]  A jury found Petitioner guilty of two counts of the lesser included offense of

_____

[1]References to the record will be made by citing to the particular volume and page of the Respondent's appendix. For example, "Ex. 1 at 1" refers to page one of the volume labeled Exhibit 1.

robbery with a weapon.  Ex. 4.  The trial court adjudicated Petitioner guilty and sentenced him, as a habitual felony offender, to life imprisonment.  Ex. 5.  Petitioner filed a direct appeal with the Florida Second District Court of Appeal, which affirmed per curiam without a written opinion.  Ex. 8.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Ex. 10.  After an evidentiary hearing on Claim 1 of the motion (see Ex. 15), Petitioner's motion was denied in its entirety.  Ex. 16.  Petitioner appealed the denial, and the state appellate court affirmed the denial per curiam without a written opinion.  Ex. 19.

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).  The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001),  in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

## A. Standard of Review Under the AEDPA

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.  *See Parker*, 244 F.3d at 835-36; 28

U.S.C. § 2254(e)(1).

## B. Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under these rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III. ANALYSIS

Petitioner contends that counsel was ineffective in requesting a jury instruction for the lesser-included offense of robbery with a weapon because there was no evidence to support the instruction. Petitioner argues that there was no evidence to support the instruction because the definition of "weapon" under Florida Statute, Section 790.001(13) excludes firearms,[3] and the victims testified at trial that Petitioner was armed with a gun during the robbery, not another type of weapon. Petitioner argues that he was prejudiced by counsel requesting the instruction because had the trial court not given that instruction, it was likely that Petitioner, at worst, would have been convicted of the less serious offense of robbery.

Petitioner raised this issue in Claim 3 of his Rule 3.850 motion.  The state postconviction court denied the claim by incorporating the State's response in its order.  Ex. 16.  In response to the claim, the State argued that in light of the victims' testimony during trial that Petitioner used a firearm during the robbery, Petitioner could not show prejudice by his counsel's requesting an instruction on the lesser included offense of robbery with a weapon.  Ex. 12 at 3.  In its Answer Brief on appeal, the State argued that Petitioner had not demonstrated deficient performance because: 1) the requested instruction was supported by the evidence, which established that Petitioner used a firearm during the robbery, and therefore was necessarily sufficient to support a finding that a weapon was used; and 2) "[a] reasonable attorney could decide to request an instruction on a lesser

---

[3]Section 790.001(13) provides that "'[w]eapon' means any dirk, knife, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocketknife, plastic knife, or blunt-bladed table knife."

included offense, even if not. . .supported by the evidence, in hopes of the jury using its pardon power to convict the defendant of something less than the charged offense." Ex. 18 at 4-5. The State further argued that Petitioner failed to demonstrate prejudice because he failed to show "a reasonable probability that, had the jury been required to choose between robbery with a firearm and simple robbery, they would have chosen simple robbery." Id. at 6. The appellate court *per curiam* affirmed the postconviction court's order.

The Court finds that the State courts' decisions were neither contrary to, nor an unreasonable application of, clearly established federal law. The State court recognized *Strickland* as the correct legal precedent as to ineffective assistance of counsel. Ex. 16. The State court likewise did not make an unreasonable determination of the facts in light of the evidence. In Florida, robbery with a weapon is a lesser included offense of robbery with a firearm or deadly weapon. *Sanders v. State*, 946 So. 2d 953, 955 (Fla. 2006) ("The category-one lesser-included offenses of [robbery with a firearm] are robbery with a weapon, robbery, and second-degree petit theft."); *Willis v. State*, 840 So. 2d 1135, 1136 (Fla.4th DCA 2003) ("Robbery with a weapon is a category one lesser-included offense of robbery with a firearm.") (quashed on other grounds by *Sanders*, 946 So. 2d 953); *Reddick v. State*, 394 So. 2d 417, 417-18 (Fla. 1981) (noting that robbery with a weapon is a lesser-included offense of robbery with a deadly weapon). Therefore, had the state trial court failed to give the instruction on robbery with a weapon, it may have been reversible error. *Id*. at 957 ("[t]he failure to instruct on the next immediate lesser included offense (one step removed) constitutes error that is per se reversible.") (quoting *Reddick*, 394 So. 2d at 418). Moreover, in light of the strong evidence indicating that the perpetrator used a firearm during the robbery, counsel's performance would likely have been deficient had she failed to request the instruction on the lesser

6

included offense of robbery with a weapon. *See id.* at 959 (assuming "that an allegation that counsel failed to request an instruction on a lesser-included offense adequately states a claim of deficient performance" under *Strickland*); *Willis*, 840 So. 2d at 1136 ("failure to request an instruction on a necessarily lesser-included offense is a legally sufficient ground to support an ineffective assistance of counsel claim."). This is especially true in light of the fact that in Florida the offense of robbery with a firearm or deadly weapon is punishable by life in prison, *see, e.g., Preston v. Gee*, 133 So. 3d 1218, 1220 (Fla. 2d DCA 2014) (citing § 812.13(2)(a), Fla. Stat. (2012)), whereas the offense of robbery a weapon is punishable by a maximum of 30 years in prison. *See, e.g., Mathis v. State*, 704 So. 2d 1114 (Fla. 5th DCA 1998).

This Court cannot say that under the circumstances no reasonable attorney would have requested an instruction on the lesser included offense of robbery with a weapon. Petitioner has therefore failed to establish that his counsel's performance was deficient. *See Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc) ("And because counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take.").

Even if counsel was deficient in requesting the instruction, Petitioner has failed to demonstrate that he suffered prejudice. During trial, both victims identified Petitioner as the person who had robbed them, and testified that Petitioner pointed a gun at them during the robbery. Ex. 2 at 110-14, 118-19, 130-31. This evidence was sufficient to support a finding that a firearm was used during the robbery. Nevertheless, the jury found Petitioner guilty of two counts of the lesser included offense of robbery with a weapon, which the jury could not have done had counsel failed to request an instruction on robbery with a weapon. Petitioner's assertion that had counsel not

requested the robbery with a weapon instruction the jury would have convicted him instead of only robbery, rather than robbery with a firearm or deadly weapon, amounts to pure speculation. *See Harris v. Crosby*, 151 Fed. Appx. 736, 738 (11th Cir. 2005) (unpublished) ("Harris' assertions that [had counsel requested a lesser included offense instruction about a statute that applied to the proceedings] he would have been convicted of the lesser included offense, as opposed to the greater offense, are pure speculation. . ."); *Magnotti v. Secretary, Dept. of Corr.*, 222 Fed. Appx. 934, 940 (11th Cir. 2011) (unpublished) (if the evidence was sufficient to convict a defendant on the greater offense, then defendant could not show prejudice from counsel's failure to request instructions on a lesser included offense). Therefore, Petitioner has failed to show prejudice because he has failed to demonstrate a reasonable probability that the verdict would have been more favorable to him had trial counsel not requested an instruction on robbery with a weapon. *See Strickland*, 466 U.S. at 694 (under the prejudice prong, petition must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

The state court decisions denying Petitioner's ineffective assistance of trial counsel claim were not contrary to, or an unreasonable application of, clearly established federal law.  Petitioner is therefore not entitled to federal habeas relief.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Petitioner has failed to make a substantial showing of the denial of a constitutional right.[4]

Accordingly, a Certificate of Appealability is **DENIED** in this case.

      **DONE AND ORDERED** in Tampa, Florida on August 6, 2014.

Charlene Edwards Honeywell
United States District Judge

SA: sfc
Copy to:
Petitioner, *pro se*
Counsel of record

---

[4]Pursuant to Rule 11 of the Rules Governing Section 2254 Cases In the United States District Courts,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.